```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MIROSLAV IVANOVIC,

                Plaintiff,                              **MEMORANDUM AND ORDER**
                                                        12-CV-6021 (RRM)(CLP)
        - against -

IBM PERSONAL PENSION PLAN, previously
known as IBM RETIREMENT PLAN,

                Defendant.
------------------------------------------------------------X
```
ROSLYNN R. MAUSKOPF, United States District Judge.

      On December 6, 2012, plaintiff Miroslav Ivanovic ("Ivanovic") sued defendant IBM Personal Pension Plan ("IBM") to recover benefits pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), and to clarify his rights to future pension benefits under the Plan. IBM moves to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") on the ground that the action is time-barred. For the reasons set forth below, IBM's motion is GRANTED and the complaint is dismissed.

# BACKGROUND[1]

IBM employed Ivanovic as an engineer beginning in late 1989 or early 1990, and lasting until November 30, 1994.[2] (Pl.'s Comp. (Doc. No. 1) ¶¶ 8, 16.) Ivanovic participated in the IBM Personal Pension Plan ("the Plan"), and, upon leaving IBM, he received a lump-sum pension payment of $2,121.32. (*Id.* ¶ 18.) IBM calculated this benefit based on its recorded hire date for Ivanovic of January 8, 1990. (Lauri Decl. (Doc. No. 16-1) Exh. B.) Based on that date, Ivanovic lacked the requisite five years of employment necessary to trigger vesting in the Plan and thus to receive more extensive benefits.

On July 1, 2004, Ivanovic filed a claim with IBM seeking to have his hire date modified to December 8, 1989, and, on that basis, to have the prior lump-sum pension payment voided and his pension benefits reinstated. (Lauri Decl. (Doc. No. 16-1) Exh. B.) In a letter dated July 30, 2004, IBM denied Ivanovic's claim. IBM noted that Ivanovic had not supplied documentation that he began working at IBM prior to January 8, 1990, and that, if he could provide such evidence, IBM would "reconsider [his] request." (*Id.*) IBM underscored, however, that even if Ivanovic could prove that he was hired on December 8, 1989, that new hire date would still not satisfy the five-year vesting requirement. (*Id.*)

On September 21, 2004, Ivanovic administratively appealed IBM's denial of his claim, submitting time cards dating back to December 11, 1989. (Lauri Decl. (Doc. No. 16-1) Exh. C;

---

[1] At this stage, the Court's review is limited to facts stated on the face of the complaint, facts found in documents incorporated by reference in the complaint or integral to the claims alleged, and matters of which the Court may take judicial notice. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991). Ivanovic references various letters and records in his complaint relating to his underlying claim for additional pension benefits, his administrative appeal of that claim, and his request for IBM to reconsider its decision. (*See* Pl.'s Comp. ¶¶ 10, 13–15, 17, 19–21.) The Plan has attached those letters to its motion to dismiss, and the Court is properly considering those materials in deciding this motion as they are both incorporated by reference in the complaint and integral to Ivanovic's cause of action. (*See* Exh. B–E attached to Decl. of Kevin G. Lauri ("Lauri Decl.") (Doc. No. 16-1).)

[2] As addressed in the text *infra*, Ivanovic alleges that IBM hired him on November 6, 1989, while IBM pegs that start date as no earlier than December 8, 1989. This factual issue is ultimately immaterial to the Court's analysis of IBM's statute-of-limitations argument.

Pl.'s Comp. (Doc. No. 1) ¶ 15.) In a letter dated November 24, 2004, IBM granted Ivanovic's request to receive additional service credit going back to December 11, 1989. (*Id.*) However, IBM again rejected Ivanovic's claim that he should be entitled to vesting under the Plan on the same ground as its underlying denial – namely, that even with such service credit, Ivanovic's employment at IBM was less than five years and therefore insufficient to trigger vesting. (Lauri Dec. (Doc. No. 16-1) Exh. C.) IBM acknowledged that this was "not the response [Ivanovic] was hoping for," but that it was "unable to make an exception to the terms of the Plan and grant [his] appeal." (*Id.*) IBM advised Ivanovic that "[u]nder Section 502(a) of [ERISA], you may have a right to file suit in state or federal court since your appeal has been denied." (*Id.*)

Nearly eight years later, by letter dated February 15, 2012, Ivanovic, through counsel, submitted new documentation to IBM. Those new materials included time sheets and an employment form appearing to reflect that IBM hired Ivanovic on November 6, 1989, which would extend the length of his employment beyond five years. (Pl.'s Comp. (Doc. No. 1) ¶¶ 13–15; Lauri Decl. (Doc. No. 16-1) Exh. D.) In an April 3, 2012 letter, IBM refused to reconsider its denial of Ivanovic's claim.[3] (Pl.'s Comp. (Doc. No. 1) ¶ 21; Lauri Decl. (Doc. No. 16-1) Exh. E.) IBM noted that, because Ivanovic had "completed all steps in the IBM Plan's appeal process, this [wa]s the final communication he will receive on this matter." (Lauri Decl. (Doc. No. 16-1) Exh. E.)

On December 6, 2012, Ivanovic filed the instant lawsuit to recover benefits purportedly due to him under the Plan.

---

[3] IBM attached to its letter two of Ivanovic's employment applications and his resume, which indicated that he did not actually begin working at IBM until at least December 1, 1989. IBM noted that the time sheets and employment form that Ivanovic provided were not signed by any IBM manager and were contradicted by the information provided by Ivanovic on his employment applications, and thus were "questionable." (Lauri Decl. (Doc. No. 16-1) Exh. E.)

**DISCUSSION**

*1. Standard on a Fed. R. Civ. P. 12(b)(6) Motion*

When deciding a motion to dismiss a complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court should consider whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* For purposes of Fed. R. Civ. P. 12(b) review, the Court takes all factual allegations in the complaint as true and draws all reasonable inferences in favor of the non-moving party. *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). As relevant here, a "statute of limitations defense, based exclusively on dates contained within the complaint or appended materials, may be properly asserted by a defendant in a Rule 12(b)(6) motion." *Gelber v. Stryker Corp.*, 788 F. Supp. 2d 145, 153 (S.D.N.Y. 2011) (citing *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir.1989)).

*2. The Applicable Statute of Limitations*

Ivanovic's claims arise under 29 U.S.C. § 1132(a)(1)(B) of ERISA, which provides a plan beneficiary with a cause of action to recover benefits due under an employee benefit plan. Because ERISA does not prescribe a limitations period for commencement of actions arising under § 1132 for recovery of employee benefits, federal courts apply the most analogous state statute of limitations. *See Miles v. New York State Teamsters Conference Pension & Retirement Fund Employee Pension Benefit Plan*, 698 F.2d 593, 598 (2d Cir. 1983). The Second Circuit has held – and the parties agree (Def.'s Mem. of Law at 3–4, 4 n.2; Pl.'s Mem. of Law at 4) – that in

New York, the six-year statute of limitations for contract actions prescribed by New York C.P.L.R. § 213 governs an ERISA benefits claim. *See Miles*, 698 F.2d at 598. Thus, Ivanovic had six years in which to file his complaint under ERISA.[4]

*3. The Accrual of Ivanovic's Cause of Action*

The parties disagree – and IBM's motion hinges – on the accrual date of Ivanovic's cause of action under ERISA. According to IBM, that action accrued no later than November 24, 2004, when IBM denied Ivanovic's administrative appeal of his claim for more extensive pension benefits. Conversely, Ivanovic asserts that his action did not accrue until April 3, 2012 when, following Ivanovic's February 2012 submission of additional documentation, IBM refused to reconsider its earlier decision.

Although state law determines the limitations period, federal law governs the accrual date for a claim under ERISA. *See Barnett v. International Business Machines Corp.*, 885 F. Supp. 581, 591 (S.D.N.Y. 1995). Applying federal law, the statute of limitations for ERISA actions begins to run "upon a clear repudiation [by the Plan] that is known, or should be known, to the plaintiff, regardless of whether the plaintiff has formally applied for benefits." *Carey v. Int'l Bhd. of Elec. Workers Local 363 Pension Plan*, 201 F.3d 44, 48 (2d Cir. 1999); *see Guilbert v. Gardner*, 480 F.3d 140, 148–49 (2d Cir. 2007) ("a plaintiff's ERISA cause of action accrues, and

---

[4] As the Supreme Court has observed, "the length of the [limitations] period allowed for instituting suit inevitably reflects a value judgment concerning the point at which the interests in favor of protecting valid claims are outweighed by the interests in prohibiting the prosecution of stale ones." *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 463–64 (1975). "[S]tatutory limitation periods are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974) (citation and quotations omitted). "The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Id.* (citation and quotations omitted). Consequently, statutes of limitations "for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants," *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984), and strict adherence to such periods of limitations "is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980).

the six-year limitations period begins to run, when there has been a repudiation by the fiduciary which is clear and made known to the beneficiaries") (citation and quotations omitted).

This standard requires that a plaintiff be "unequivocally notified that his or her claim for benefits has been denied." *Yuhas v. Provident Life and Cas. Ins. Co.*, 162 F. Supp. 2d 227, 231–32 (S.D.N.Y. 2001). There is a split among district courts in this Circuit as to whether a cause of action accrues when benefits are initially denied (before an administrative appeal) or when the administrative appeals process is finalized. *See id.* at 231–32 (collecting cases); *Roberts v. Metro. Life Ins. Co.*, No. 06-CV-2725 (CM), 2007 WL 900920, at *4 (S.D.N.Y. Mar. 26, 2007) (noting the "disagreement"); *see also O'Donnell v. Metlife Disability Ins. Co.*, No. 08-CV-1117 (KMK), 2009 WL 884811, at *3 (S.D.N.Y. Mar. 31, 2009). But this Court need not take sides in that debate. That is because Ivanovic's filing is untimely even under the latter, more lenient standard.

As noted above, on July 1, 2004, Ivanovic filed his underlying claim with IBM seeking to have his pension benefits reinstated with vesting. On July 30, 2004, IBM denied that claim, and Ivanovic filed an administrative appeal on September 21, 2004. On November 24, 2004, IBM denied that appeal, notifying Ivanovic of his right to challenge this decision by filing a lawsuit under ERISA.

As a matter of law, IBM's written communication to Ivanovic on November 24, 2004 – expressly advising him that IBM had denied his appeal, and alerting him of his right to seek further redress by suing under ERISA – qualified as a "clear repudiation" that was made known to Ivanovic. *See, e.g.*, *Costa v. Astoria Federal Sav. and Loan Ass'n*, No. 13-CV-1609 (ADS), 2014 WL 468700, at *6 (E.D.N.Y. Feb. 4, 2014) ("In this case . . . the Plaintiff learned that she would not be receiving pension benefits under the Plan when the Defendants denied her October

2005 request for application forms and told her she did not qualify for benefits before she reached the age of fifty-five. Such a denial constitutes a clear repudiation, since she was unequivocally notified that her claim for benefits had been denied") (internal quotations, citation, and alterations omitted); *O'Donnell*, 2009 WL 884811, at *3 (finding that the defendant's oral statement to the plaintiff that she had received the "full and fair review required by [her] plan and federal law," and that "[n]o further review of [her] denial w[ould] be considered," qualified as a "clear repudiation" that was "made known to Plaintiff") (internal quotations omitted); *Ambris v. Bank of New York*, No. 06-CV-0061 (LAP), 1998 WL 702289, at *6 (S.D.N.Y. Oct. 7, 1998) ("Once a plaintiff is on clear notice that she is not entitled to benefits, the cause of action accrues").

Accordingly, Ivanovic's cause of action under ERISA accrued, at the latest, on November 24, 2004. Under the operative statute of limitations, Ivanovic had six years from that date to institute a cause of action for the denial of benefits – in other words, until November 24, 2010. Because Ivanovic did not file the instant lawsuit until December 6, 2012, which is more than two years after the six-year statute of limitations lapsed, his action is time-barred.

Ivanovic seeks to escape the statute-of-limitations bar by stressing that, in the denial of his underlying claim on July 30, 2004, IBM "invited" him to submit additional documentation concerning his employment start date. By Ivanovic's analysis, this tolled the statute of limitations until April 3, 2012 when, following his attorney's submission of new documentation, IBM refused to reconsider its decision. (*See* Pl.'s Mem. of Law at 2–4.) Ivanovic's argument fails to withstand scrutiny.

First, Ivanovic's argument takes IBM's expression of willingness to consider new documentation completely out of its temporal context. IBM made that statement

7

contemporaneously with its rejection of Ivanovic's original claim for relief, and it reasonably pertained only to IBM's agreement to consider new materials submitted by Ivanovic as part of his administrative appeal back in 2004. That conclusion is cemented by IBM's subsequent letter denying Ivanovic's appeal. In that regard, Ivanovic submitted new supporting paperwork, and in its letter denying the appeal, IBM conspicuously omitted any mention of considering further submissions or performing additional reviews. To the contrary, as described, IBM expressly denied Ivanovic's appeal, even specifically advising him that he would have to sue IBM for any further relief. Ivanovic's tortured interpretation of the July 30, 2004 letter – construing it as IBM's open-ended invitation to consider new documentation in perpetuity – is therefore unpersuasive.

By the same token, once IBM denied Ivanovic's appeal and the ERISA cause of action accrued, the statute of limitations was not tolled merely because IBM previously stated that it was willing to consider additional documentation. Indeed, once a fiduciary clearly repudiates its obligations under ERISA, as IBM did on November 24, 2004, even a fiduciary's *subsequent* offer to consider new information (or to reconsider its decision) will neither reset nor toll the statute of limitations. *See, e.g.*, *Micchiche v. Kemper Nat'l Serv.*, 560 F. Supp. 2d 204, 214 (E.D.N.Y. 2008) ("Even if Kemper had agreed to consider additional evidence submitted by plaintiff, 'an offer by an insurance company to review additional information subsequent to a clear and unequivocal repudiation of benefits does not formally re-open a plaintiff's claim and toll the limitations period'") (quoting *Allwood v. Frontier Commc'ns of Rochester Telephone, Inc.*, No. 03-CV-6229 (MAT), 2004 WL 2202572, at *3 (W.D.N.Y. Sept. 30, 2004)); *see also Flood v. Guardian Life Ins. Co.*, No. 05-CV-5480 (SJ), 2008 WL 199458, at *6 (E.D.N.Y. Jan. 22, 2008). It is therefore unfounded for Ivanovic to argue that IBM's pre-appeal offer to

consider additional documentation somehow tolled the statute of limitations for years after the appeal.

One last argument warrants comment. Ivanovic posits that IBM conducted a fresh determination of his claim when, in 2012, he submitted new documentation concerning his date of hiring, and that, by doing so, IBM reset the six-year statute of limitations. Ivanovic grounds this argument on a specific sentence in IBM's April 3, 2012 response: that Ivanovic "has completed all steps in the IBM Plan's appeal process," and that "this is the final communication [he] will receive on this matter." From this, Ivanovic concludes that IBM considered his claim anew in 2012, which, according to him, either restarted the statute of limitations, or triggered it for the first time. Neither conclusion is warranted.

First, the Court disagrees with the construction that Ivanovic ascribes to the quoted language from the April 3rd letter. Put in its proper context, the language simply reaffirms that Ivanovic, more than seven years earlier, had already "completed all steps" in the administrative appeals process. In light of the history of this case, that statement cannot reasonably be construed as a declaration by IBM that Ivanovic's appeal was formally completed only as of April 3, 2012.

But even if IBM had reconsidered Ivanovic's claim in 2012, and even if its April 3rd letter was a new, formal denial of the appeal, this would not aid Ivanovic's cause. That is because Ivanovic cannot revive a stale claim merely by seeking reconsideration of a final decision or submitting additional evidence. After all, were it otherwise and "the statute of limitations [wa]s tolled each time a participant or beneficiary submit[ted] new documentation in support of his or her request for reconsideration, plan administrators w[ould] simply refuse to review those materials," an outcome that obviously "would not be in the best interest of either

9

claimants or administrators." *Patterson-Priori v. Unum Life Ins. Co. of Am.*, 846 F. Supp. 1102, 1109 (E.D.N.Y. 1994); *see Costa*, 2014 WL 468700, at *6 ("[T]he clock began to run on the Plaintiff's ERISA claims in October of 2005 and could not be reset by the Plaintiff submitting additional requests"); *O'Donnell*, 2009 WL 884811, at *12–13 ("Allegations that MetLife reiterated its denial in writing and sometimes responded to Plaintiff's continued inquiries do no enable Plaintiff to state a claim that the limitations period restarted"); *Micchiche*, 560 F. Supp. 2d at 214 ("The court finds that these communications did not toll the contractual limitations period. Plaintiff cannot continue extending the accrual date merely by requesting repeated reconsideration from the plan administrator or insurer") (citation and quotations omitted); *Roberts*, 2007 WL 900920, at *4 (the defendant's communications to the plaintiff that the claim was "under review" did not change accrual of statute of limitations because the defendant "could have chosen to ignore these submissions since a final determination had already been made on appeal").[5]

---

[5] Ivanovic hangs his hat on *Yuhas*, 162 F. Supp. 2d 227, in urging that an ERISA beneficiary can toll the accrual of a statute of limitations by submitting additional information to the fiduciary. True, the Court in *Yuhas* concluded that the plaintiff "arguably" tolled the statute of limitations by submitting new information because the defendant-insurer, "which could have elected to ignore these submissions[,] instead decided to reexamine [the] claim." *See id.* at 232. Crucially, though, the defendant in *Yuhas* not only reexamined the plaintiff's claim based on that new information, but also went one step further by actually *altering* its prior determination and finding that, in fact, the plaintiff was entitled to a retroactive payment of benefits. *Id.* at 229. It was *that* additional wrinkle – *i.e.*, the provider's decision to modify its earlier denial of the claim based on the plaintiff's provision of new evidence – that "arguably" tolled the statute of limitations until the insurer's modification of its decision. In contrast, IBM uniformly rejected Ivanovic's underlying claim, his appeal, and his 2012 bid for reconsideration. Consequently, whatever non-binding holding can be gleaned from *Yuhas* certainly has no application here.

## CONCLUSION

For the foregoing reasons, Ivanovic's cause of action is time-barred. Accordingly, Ivanovic's complaint is dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. The Clerk of Court is directed to enter the accompanying Judgment accordingly, and to close the case.

SO ORDERED.

Dated: Brooklyn, New York
      September 22, 2014

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge